# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1095V
Filed: September 26, 2019
UNPUBLISHED

| | |
|---|---|
| DAVID CHOI,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Ruling on Entitlement; Uncontested;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Matthew B. Vianello*, Jacobson Press & Fields, Clayton, MO, for petitioner.
*Lisa Ann Watts*, U.S. Department of Justice, Washington, DC, for respondent.

### RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

      On July 26, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left shoulder injury, which was caused by an influenza ("flu") vaccine he received on October 5, 2016. Am. Petition at ¶¶ 1-17.[3] The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] The undersigned intends to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Petitioner's original petition and affidavit (Ex. 7), refer to the vaccination date as October 9, 2016. Petitioner filed an amended petition and supplemental affidavit noting that this date was provided in error having misread the vaccination record. Ex. 8 (Pet's Supp'l Aff.). The undersigned notes that the date as

On September 18, 2019, respondent filed his Rule 4(c) report in which he states that he does not contest that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent states that "[b]ased on the Chief Special Master's fact ruling, and medical record evidence submitted in this case, DICP will not continue to contest that petitioner suffered SIRVA as defined by the Vaccine Injury Table." *Id.* at 5. Respondent further agrees that "based on the record as it now stands and subject to his right to appeal the Findings of Fact, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

written on vaccine recipient line of the vaccination administration record is indeed the number "5" that could be interpreted alternatively as the number "9." Ex. 2